ANTHONY S. EARL, Secretary Department of Natural Resources
You have asked whether your agency is prohibited from approving federal enforcement of federal steel shot regulations by federal agents on lands under their jurisdiction in the state during the 1980 waterfowl hunting season. Those regulations forbid the taking of migratory game birds with shot other than steel shot after September 1, 1980. 50 C.F.R. sec. 20, as adopted on August 27, 1976. Your question arises because the Legislature in this last session approved a restriction on the authority of the Department of Natural Resources relating to steel shot as a part of the annual budget review bill. Chapter 221, sec. 2039(38), Laws of 1979 provides in part: "The Department of Natural Resources may not prohibit or restrict the possession or use of shotgun loaded with lead shot or any other metal shot to hunt, take, kill, catch or pursue migratory game birds until after January 1, 1981." We have been assured that the so-called "Stevens *Page 202 
Amendment" (Pub.L. No. 96-126, sec. 305) to the federal appropriations bill will be passed prior to the time that the 1980 hunting season opens. That amendment provides:
 No funds appropriated by this Act shall be available for the implementation or enforcement of any rule or regulation of the U.S. Fish and Wildlife Service, Department of the Interior requiring the use of steel shot in connection with the hunting of waterfowl in any state of the United States unless the appropriate state regulatory authority approves such implementation and enforcement.
In the past, approval has been accomplished by a letter from the Secretary of the Department of Natural Resources to the United States Fish and Wildlife Service. You asked whether the language quoted above from ch. 221, sec. 2039(38), Laws of 1979, prohibits you from granting approval to the federal government to enforce nontoxic shot restrictions. In my opinion the answer to this question is no. I am persuaded of this by the language of the section, its legislative history, and the practical effect of such a decision.
The Department's powers to make rules for taking of fish and game in both inland and interstate boundary waters are expressed in secs. 29.174 and 29.085, Stats., respectively. The Department is also granted additional supervisory powers over fish and game and other outdoor resources in sec. 23.09, Stats., the Conservation Act. One of the powers specifically granted is to "enter into cooperative agreements with persons or governmental agencies for purposes consistent with the purposes and provisions of this act," sec. 23.09(2)(h), Stats. The United States Fish and Wildlife Service is a "governmental agency," and steel shot regulations, designed to protect aquatic birds from lead poisoning and death from ingestion of lead shotgun pellets,National Rifle Ass'n of America, Inc. v. Kleppe, 425 F. Supp. 1101,1104 (D.C. 1976), affd. 471 F.2d 674, 187 U.S. App. D.C. 240, are consistent with the purposes of the state's Conservation Act.
While ch. 221, sec. 2039(38) clearly prevents the Department from adopting and enforcing administrative rules pursuant to ch. 29, Stats., requiring use of steel shot, I conclude it does not affect its more general ability expressed in ch. 23, Stats., to cooperate with and consent to federal enforcement authority. *Page 203 
First, the key words in ch. 221, sec. 2039(38) are "prohibit or restrict the possession or use of a shotgun loaded with lead shot or any other metal shot." The words "prohibit" and "restrict" are not ambiguous in context. The Department "prohibits or restricts" the use of lead shot by passing administrative rules pursuant to authority granted in ch. 29, Stats. The Department can further "prohibit or restrict" the use of lead shot by having its wardens enforce such administrative rules in the field. Chapter 221, sec. 2039(38) was designed to thwart efforts of the Department of Natural Resources Board to adopt rules prohibiting the use of lead or other toxic shot in guns of all gauges for the 1980 hunting season.
There is no indication in the language or legislative history of ch. 221, sec. 2039(38), that the Legislature intended to affect the Department's ability to cooperate with any federal agency. Accordingly, in my view the words "prohibit or restrict" must be used as relating to actions of the Department of Natural Resources in the form of rules or department enforcement policy which deals with lead shot.
Moreover, enforcement agents of the United States Fish and Wildlife Service are not agents of the Department of Natural Resources. The language of the section prohibits only the Department of Natural Resources from "prohibit[ing] or restrict[ing]" lead shot. Obviously, the Wisconsin Legislature cannot take an action which prohibits or restricts federal enforcement activity.
In general, I have concluded for the reasons stated above that the words "prohibit or restrict" would not preclude your granting approval to federal agents to prohibit or restrict use of lead shot on federal lands in Wisconsin during the 1980 hunting season. I am further persuaded in this conclusion by the practical effect of a contrary conclusion. An interpretation of ch. 221, sec. 2039(38) restricting your ability to grant such approval would effectively close a large portion of lands under federal jurisdiction along the Mississippi River to waterfowl hunting during the 1980 season. An interpretation of a regulation designed to prevent restrictions on lead shot which would have the effect of prohibiting waterfowl hunting altogether on some of the most productive federal lands in Wisconsin would be an absurd result. *Page 204 
For all the reasons stated above, I believe you do have the discretion to approve the implementation and enforcement of the federal restrictions on the use of steel shot to the extent that they will be enforced by federal agents on lands under their jurisdiction. Chapter 221, sec. 2039(38) would absolutely prohibit any Department of Natural Resources' employe or agent from enforcing such restrictions.
BCL:DJH:NLA